678 So.2d 468 (1996)
Jorge NIEVES, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3252.
District Court of Appeal of Florida, Fifth District.
August 16, 1996.
*469 James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
In this Anders[1] case, there were numerous errors made in the order of probation. Condition 2 requires appellant to pay $50.00 per month toward the cost of supervision, but as the state concedes, the trial court orally waived such costs and therefore, as in Manucy v. State, 670 So.2d 1134 (Fla. 5th DCA 1996), the condition must be stricken.
Appellant contends that condition 13 must be stricken because it was not orally pronounced, but we agree with the state that assessment of the statutorily mandated $2.00 per month surcharge to the Department of Corrections, pursuant to section 948.09, Florida Statutes (1995), need not be orally pronounced. See generally State v. Beasley, 580 So.2d 139, 142 (Fla.1991).
Condition 14 requires payment of $1.00 per month to First Step, Inc., which we have repeatedly held is unauthorized and must be stricken. See, e.g., Braggs v. State, 671 So.2d 304 (Fla. 5th DCA 1996). Effective July 1, 1995, section 948.03(1), Florida Statutes, allows such an assessment, but appellant committed the offense in question before the effective date of the amendment.
A public defender's fee was imposed as condition 17 without appellant being advised of the right to object to the amount of the fee. See, e.g., Cruz v. State, 669 So.2d 361 (Fla. 5th DCA 1996); Palmer v. State, 664 So.2d 1162 (Fla. 5th DCA 1995). We reject the state's argument that notice was not required since appellant had agreed to pay a fee in the written plea agreement, *470 because the amount of the fee was not part of the agreement, nor was there an express waiver of the right to contest the amount. Cf. Bull v. State, 548 So.2d 1103 (Fla.1989) (notice and opportunity to object to public defender's fee was not waived by defendant's execution of affidavit of insolvency authorizing the trial court to impose a fee without a hearing). Therefore, the public defender's fee must be stricken, although on remand the fee may be reimposed after complying with Rule 3.720(d)(1), Florida Rules of Criminal Procedure.
Condition 18 assesses costs of prosecution pursuant to section 939.01, Florida Statutes (1995), but there is no record that the state requested the costs or presented documentation to support the assessment as required by the statute, and therefore the costs must be stricken. See, e.g., Brown v. State, 657 So.2d 1280 (Fla. 5th DCA 1995). Although the trial court indicated that it would consider whether to waive the prosecution costs sometime in the future when appellant objected on grounds of insolvency, the costs should not have been imposed without first considering the factors listed in the statute, including appellant's financial resources and ability to pay. The state argues that appellant waived any objection to the lack of documentation by failing to properly preserve the issue as in Thomas v. State, 633 So.2d 1122 (Fla. 5th DCA), rev. denied, 640 So.2d 1109 (Fla.1994), but it appears from the record that the trial court may have interrupted a proper objection. Therefore, the condition must be stricken, and on remand a further hearing must be conducted in compliance with section 939.01 before the prosecution costs may be reimposed.
Conditions 19 and 20 of the probation order require appellant to pay restitution. At sentencing, appellant's counsel argued that appellant was 100% disabled and insolvent and should not be required to pay restitution. In Coleman v. State, 651 So.2d 239 (Fla. 5th DCA 1995), this court held that a defendant's ability to pay must be considered by the trial court before imposing restitution. However, effective May 8, 1995, section 775.089(6) was amended to provide that financial resources and ability to pay restitution shall be considered at the time of enforcement of a restitution order, rather than at the time restitution is ordered. Appellant committed the offenses in question after the effective date of the amendment, so consideration of appellant's ability to pay was properly deferred.
In conclusion, conditions 2 and 14 are stricken and conditions 17 and 18 are reversed without prejudice to reimpose the conditions after proper compliance with the applicable rules and statutes.
JUDGMENT AFFIRMED; SENTENCE AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
W. SHARP and THOMPSON, JJ. concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).