750 So.2d 664 (1999)
STATE of Florida, Appellant,
v.
Adam Edward AMODEO, Appellee.
No. 99-1095.
District Court of Appeal of Florida, Fifth District.
December 13, 1999.
*665 Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellee.
W. SHARP, J.
The state appeals from a downward departure sentence imposed on Amodeo in two criminal cases: case number 98-1283, burglary of a structure and of a conveyance, plus two counts of theft; and case number 98-2324, possession of contraband in a county detention facility, and in four violation of probation cases. His sentencing score totaled 78.7 points, equivalent to a sentencing range of 38.025 to 63.375 months in prison. The trial judge sentenced Amodeo to thirty months in prison, followed by two years probation, and $1,263.76 in restitution. We reverse.
At the hearing below, Amodeo pled guilty to the criminal offenses and no contest to four violation of probation charges, which were then used in computing his sentencing score. The state had earlier offered Amodeo a plea bargain of 39 months in prison, two years probation, and restitution. The trial judge stated he thought a thirty-month sentence was "fair" when coupled with probation and restitution.
The state attorney objected: "Judge, and of course that downward departures sentence is gonna be over the State's" The trial judge interrupted, saying: "Right. And if you want reasons for departing is he's cooperating, he shows remorse; Number 2, he's ... the need for restitution, wanna get paid for knives and other things he stole." The hearing was abruptly adjourned. The trial judge furnished no written reasons for departing downward from the guidelines.[1]
The state argues on appeal that the reasons given orally by the sentencing judge are legally insufficient and are not supported by the record. Section 921.0016 provides a list of mitigating circumstances which can justify a downward departure,[2] *666 and this list is not exclusive. State v. Turro, 724 So.2d 1216 (Fla. 3d DCA 1998). We do not agree with the state that the reasons given for the downward departure here would never be legally sufficient in a proper case.[3]
We do agree, however, that the slender record provided to us on appeal utterly fails to support the reasons given for the departure sentence. See State v. Dunning, 742 So.2d 378 (Fla. 2d DCA 1999). No testimony was given under oath by anyone. It defies understanding how the judge could have concluded that Amodeo was cooperative,[4] or remorseful.[5]
Even after Amodeo tendered his open guilty plea, he denied he was guilty of the substantive offenses. He claimed that two boys, ages 10 and 12, had committed the burglary and theft crimes and, although he was in the area with them, "I did not commit this crime here."
With regard to the possession of contraband charge, Amodeo told the court that an officer had planted a "shank" in his cell while he was absent. He said the same officer had treated him badly and that they did not get along. He also reported other abuses of prisoners at the county jail, sufficient to cause the trial judge to inquire of *667 the state attorney whether there was truth to Amodeo's accusations.
Further, there was no testimony or showing of the need for restitution by the burglary victims, or that Amodeo would be able to provide same, if spared a longer guidelines sentence. Compare Banks v. State, 732 So.2d 1065 (Fla.1999).
The major difficulty is that the state attorney, at the sentencing hearing, did not clearly raise this ground as an objection to the oral reasons given by the trial judge. Under section 924.051, an appeal may not be taken unless prejudicial error is alleged and is properly preserved or if not properly preserved, would constitute fundamental error. To be preserved, an issue must be timely raised and ruled on by the trial court. The issue must be sufficiently precise that it fairly apprises the trial court of the relief sought and the grounds for the objection. 924.051(1)(b); State v. Mae, 706 So.2d 350 (Fla. 2d DCA 1998). See also State v. Baccari, 730 So.2d 806 (Fla. 4th DCA 1999) (alleged error in imposing downward departure sentence could not be raised on appeal where the trial court listed four reasons for departure but the State failed to object to at least two of these reasons).
We expect the State to object and to give specific reasons contemporaneously in order to preserve issues for appellate review. However, here the sentencing hearing was conducted in such a rushed atmosphere and in such a cursory fashion, that it appears the trial judge had predetermined to depart downwards, even though the defense provided no basis for doing so. The trial judge also abruptly cut off the State Attorney's effort to make an objection, thereby jeopardizing the state's ability to appeal this issue. In these circumstances, we will permit the state to raise this issue.
Accordingly, we vacate the sentence and remand for resentencing within the guidelines.
Sentence VACATED; REMANDED for resentencing pursuant to the guidelines.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] Failure to provide written reasons justifying a downward departure sentence is not fatal if the trial judge orally pronounces valid reasons for departure at the time of sentencing. Pease v. State, 712 So.2d 374 (Fla.1997).
[2] 921.0016. Recommended sentences; departure sentences; aggravating and mitigating circumstances

(1)(a) The recommended guidelines sentence provided by the total sentence points is assumed to be appropriate for the offender.
(b) A trial court judge may impose a state prison sentence which varies upward or downward by up to, and including, 25 percent from the recommended guidelines state prison sentence without issuing a written statement delineating the reasons for the variation.
(c) A state prison sentence which varies upward or downward from the recommended guidelines prison sentence by more than 25 percent is a departure sentence and must be accompanied by a written statement delineating the reasons for the departure, filed within 7 days after the date of sentencing. A written transcription of orally stated reasons for departure from the guidelines at sentencing is permissible if it is filed by the court within 7 days after the date of sentencing.
(d) The imposition of a split sentence of incarceration followed by community control or probation does not by itself constitute a departure from sentencing guide lines. For the purpose of determining the maximum sentence authorized by law, any community control portion of a split sentence does not constitute a term of imprisonment.
(e) A departure sentence must be within any relevant maximum sentence limitations provided by s. 775.082.
(2) A departure from the recommended guidelines sentence is discouraged unless there are circumstances or factors which reasonably justify the departure. Aggravating and mitigating factors to be considered include, but are not limited to, those listed in subsections (3) and (4). The failure of a trial court to impose a sentence within the sentencing guidelines is subject to appellate review under chapter 924, but the extent of departure from a guidelines sentence is not subject to appellate review.
* * *
(4) Mitigating circumstances under which a departure from the sentencing guidelines is reasonably justified include, but are not limited to:
(a) The departure results from a legitimate, uncoerced plea bargain.
(b) The defendant was an accomplice to the offense and was a relatively minor participant in the criminal conduct.
(c) The capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law was substantially impaired.
(d) The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.
(e) The need for payment of restitution to the victim outweighs the need for a prison sentence.
(f) The victim was an initiator, willing participant, aggressor, or provoker of the incident.
(g) The defendant acted under extreme duress or under the domination of another person.
(h) Before the identity of the defendant was determined, the victim was substantially compensated.
(i) The defendant cooperated with the state to resolve the current offense or any other offense.
(j) The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.
(k) At the time of the offense the defendant was too young to appreciate the consequences of the offense.
(l) The defendant is to be sentenced as a youthful offender.
(5) A defendant's substance abuse or addiction, including intoxication at the time of the offense, is not a mitigating factor under subsection (4) and does not, under any circumstances, justify a downward departure from the sentence recommended under the sentencing guidelines.
[3] Banks v. State, 732 So.2d 1065 (Fla.1999); State v. Sachs, 526 So.2d 48 (Fla.1988).
[4] See State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985) (merely pleading guilty is not sufficient cooperation for a departure).
[5] See State v. Whiting, 711 So.2d 1212 (Fla. 2d DCA 1998) (record failed to contain any evidence of remorse where the defendant merely apologized for the pain he caused the victim's family but did not otherwise express regret or acknowledge his wrongdoing).