774 So.2d 730 (2000)
STATE of Florida, Appellant,
v.
Julio Angel ROSA, Appellee.
No. 2D00-769.
District Court of Appeal of Florida, Second District.
October 27, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellant.
Wilbur C. Smith III, Fort Myers, for Appellee.
PARKER, Acting Chief Judge.
The State appeals the downward departure sentences imposed upon Julio Angel Rosa in two consolidated cases for two counts of possession of cocaine and one count of sale of cocaine within 1000 feet of a place of worship. Because the record does not provide competent substantial evidence to support the departure, we reverse and remand this case for further proceedings.
On January 7, 2000, Rosa agreed to enter a plea of no contest to the charges in exchange for a below guidelines sentence. Defense counsel referred to a previous plea conference where the factors relating to the departure reasons were allegedly established. The trial court withheld adjudication and sentenced Rosa to probation on each count.[1] The judgment and sentence lists four reasons to support this downward departure. However, the record does not contain a transcript of the referenced plea conference. In fact, the record does not contain any evidence whatsoever *731 to support the court's listed reasons for a departure from the guidelines.
An appellate court will reverse a departure sentence absent competent substantial evidence in the record to support it. See Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). We agree with the State's contention that the record in this case does not contain competent substantial evidence to support the downward departure. See State v. Sawyer, 753 So.2d 737, 738 (Fla. 2d DCA 2000) (finding previous off-the-record discussions with the trial court insufficient to support a downward departure). Accordingly, we reverse.[2] Because Rosa entered his plea in exchange for the departure sentence, on remand Rosa must be afforded the opportunity to withdraw his plea. See State v. Stewart, 749 So.2d 555, 555 (Fla. 2d DCA 2000).
Reversed.
GREEN and STRINGER, JJ., Concur.
NOTES
[1] The court orally pronounced a sentence of three years' probation on each count with two years to run concurrently, which does not appear to be a legal sentence. Moreover, the orders of probation, which reflect sentences of two concurrent terms of two years' probation, conflict with the trial court's oral pronouncement. We do not address these issues on appeal because they are rendered moot by our reversal in this case.
[2] Rosa argues that the State failed to preserve this issue for review by failing to object at sentencing. However, the sentencing transcript reflects that the prosecutor attempted to voice an objection just before the hearing was terminated. The trial court cut off the prosecutor during his objection by stating, "The record will reflect the state's objection." While the prosecutor was not given the opportunity to explain the grounds for his objection, the only possible basis for the objection is the downward departure sentence. Therefore, we conclude that this issue was properly preserved for review.