PETERSON, J.
Charles Raleigh Veal, Jr. appeals the denial of his C-4[1] motion to dismiss an information charging him with four counts of Possession of Representations of Sexual Conduct By A Child, section 827.071(5), Florida Statutes (2000). We are invited to issue an advisory opinion on computer-generated images of children versus images of real children engaged in pornographic situations. We decline. That issue is not ripe for review because of the procedural posture in which Veal’s case reaches this court.
Veal’s motion to dismiss alleged that the State admitted that it could not prove that children depicted on a computer diskette were real as opposed to computer-generated. Veal never asserted that the images on the diskette were not of actual children. In response to Veal’s motion to dismiss, the State filed a traverse declaring that it had made no admission that evidence could not be offered to show that the images were not computer-generated. The State only admitted that it could not provide the identification of the actual children depicted in the images. If a material fact is disputed, denial of a C-4 motion is mandatory. See State v. Kalogeropolous, 758 So.2d 110, 111-12 (Fla.2000).
Subsequently, a plea agreement was negotiated and Veal informed the court that he wished to appeal the denial of the motion to dismiss although no denial had been made by the trial court at that point. Veal *1104 also told the court that he had no objection to the State’s traverse. The trial court then denied the motion to dismiss and sentenced Yeal pursuant to the plea agreement.
The hecord before us reveals that Veal did not object to the traverse, a prerequisite to properly preserve the issue for appellate review. See State v. Amodeo, 750 So.2d 664, 667 (Fla. 5th DCA 1999). Indeed, Veal invited dismissal in order to seek review by this court.
Veal’s remaining arguments that the Assistant State Attorney’s oath on the traverse was defective and that the State was obligated to furnish the name of a witness who would testify that the images were of actual children are meritless and not preserved. See State v. Fetherholf, 388 So.2d 38, 39 (Fla. 5th DCA 1980); State v. Hamlin, 306 So.2d 150, 152 (Fla. 4th DCA 1975). Also, Veal never filed a notice of discovery pursuant to Florida Rule of Criminal Procedure 3.220(b), that would give rise to an, obligation by the State to provide a list of witnesses.
Accordingly, the procedural posture of Veal’s case requires us to affirm the judgment and sentence.
AFFIRMED.
SHARP, W., J. and MONACO, D., Associate Judge, concur.

. Fla. R.Crim. P. 3.190(c)(4).