ROTHENBERG, J.
Alejandro Rodriguez" (“the defendant”) appeals from an order finding the child-victim’s hearsay statements were reliable, and therefore admissible evidence pursuant to section 90.803(23), Florida Statutes (2008). Because the trial court complied with the statute, the trial court’s written order applied the proper analysis, and the trial court’s findings are supported by the record, we affirm.
The defendant was charged by information with six counts of sexual battery on a person less than twelve years of age by a person eighteen years of age or older; two counts of lewd and lascivious molestation on a person less than twelve years of age by a person eighteen years of age or older; and one count of kidnapping of a person less than thirteen years of age. Prior to trial, the State nolle pressed the two counts of lewd and lascivious molestation and the kidnapping count.
Prior to trial, a bifurcated hearing was held to address the State’s intent to rely on child hearsay statements pursuant to section 90.803(23). At the conclusion of the hearing, the trial court entered a written order finding that the statements made by the child to all three witnesses — Detective Nelson Andreu, Jr., Mercy Restani, and Officer Michael Parmenter — were reliable under the totality of the circumstances, pursuant to the non-exclusive list set forth in State v. Townsend, 635 So.2d 949 (Fla.1994). The trial court’s order made specific findings in support of its ruling that the proffered hearsay statements were reliable.
The defendant was subsequently convicted of the charges, and he was sentenced to consecutive life sentences. This appeal followed.
Our standard in reviewing a trial court’s determination on the reliability and admissibility of child hearsay statements under section 90.803(23) is abuse of discretion. See Ferreiro v. State, 936 So.2d 1140, 1141 (Fla. 3d DCA 2006) (citing Perez v. State, 536 So.2d 206, 210 (Fla.1988)).
In Townsend, the Florida Supreme Court held that for a child’s hearsay statement to be admitted under section 90.803(23), the child sexual abuse hearsay exception, the statement must meet two specific reliability requirements: (1) the source of the information through which the statement was reported must indicate trustworthiness; and (2) the time, content, and circumstances of the child’s statement must reflect that the statement provides sufficient safeguards of reliability. Townsend, 635 So.2d at 954. The Florida Supreme Court also established a non-exclu *651 sive list of factors for the trial court to consider in evaluating, under the totality of the circumstances, the reliability of the child’s out-of-court statement under the statute, and specified that once the trial court reviews the trustworthiness and reliability of the statement, section 90.803(23)(c) expressly requires that the court “make specific findings of fact, on the record, as to the basis for its ruling.” Id. at 957-58.
In the instant case, the record shows that the trial court complied with the statute and the Florida Supreme Court’s mandate in Townsend by making detailed findings of fact regarding the time, content, and other relevant circumstances in which the child-victim’s hearsay statements were made, so as to establish reliability. Specifically, the trial court found: (1) the child provided a detailed account of the various assaults committed by the defendant upon her; (2) the child’s reports to the various witnesses were consistent; (3) the questions posed to the child were open-ended, non-leading questions; (4) the child’s answers were given using words consistent with a child her age; (5) there was nothing to indicate that the child-victim’s hearsay statements, or the method by which those statements were obtained or reported, lacked trustworthiness; (6) the child had no reason to fabricate any of the accusations or details about the incident nor was there any evidence to suggest that she was coerced or coached; and (7) there was no evidence to indicate that this was an attempt to deal with a domestic dispute. Accordingly, we conclude that the trial court did not abuse its discretion in determining that the child’s hearsay statements were reliable, and therefore admissible evidence pursuant to section 90.803(23).
The defendant argues that under Townsend, a trial court may not rely on corroborating evidence, such as medical evidence of injuries, as a factor in the court’s reliability determination. We agree. The reliability of the statements must be determined independent of any corroborating evidence. Id. at 956. To the extent that the trial court may have relied on any corroborating evidence, we find the error harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986); Pedrosa v. State, 781 So.2d 470, 473 (Fla. 3d DCA 2001) (finding that the improper admission of hearsay identification statements was harmless error given all of the other evidence). Here, because the trial court made detailed findings of fact regarding the time, content, and other relevant circumstances in which the child-victim’s statements were made, so as to establish reliability, we conclude that the trial court did not abuse its discretion in admitting the hearsay statements.
Affirmed.