IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PAUL FRANK SMALL, JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4551

Opinion filed November 12, 2015.

An appeal from the Circuit Court for Santa Rosa County.
Hon. John L. Miller, Judge.

Nancy A. Daniels, Public Defender, and Richard M. Summa and Megan Long, Assistant Public Defenders, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.

RAY, J.

In the single issue raised in this appeal, we must determine whether the trial court abused its discretion by finding that out-of-court statements made by a six-year-old girl, which describe incidents of sexual abuse by her father, were reliable and therefore admissible as evidence against her father at trial. Appellant (the

father) claims that his daughter's statements were the product of leading questions or other suggestive techniques, rendering the statements unreliable, despite the trial court's express finding to the contrary. Because the trial court conducted the proper evaluation to determine whether the child's statements were reliable, and competent, substantial evidence supports the trial court's findings, we conclude that the hearsay statements were properly admitted. Appellant's convictions and sentences are therefore affirmed.

I.

Appellant was charged with two counts of sexual battery on a victim under twelve, one count of lewd or lascivious molestation of a victim under twelve, and one count of lewd or lascivious exhibition in the presence of a victim under sixteen. In addition to calling the child to testify at trial, the prosecution intended to rely on statements the child made during a forensic interview with a member of the county's Child Protection Team (CPT).

Prior to trial, the State filed a notice of intent to offer the child's statements as a hearsay exception pursuant to section 90.803(23), Florida Statutes (2012), and the court held a hearing on their admissibility. During the hearing, the CPT interviewer testified that her protocol is to "ask questions that are not leading and try to do open-ended questions as much as possible." She explained that the goal is to allow the child to give a statement in his or her own words. Defense counsel

claimed that during the interview, the child started to discuss an incident involving a young boy, not Appellant, and that the interviewer interrupted the child and redirected the discussion. Defense counsel argued that this occurrence made the interview improper and unreliable. The prosecution responded that the child had already disclosed a number of acts of sexual abuse involving Appellant before she ever brought up the incident involving the young boy. The child had already told the interviewer that her father had previously touched her without any clothes on, and that after he touches her, she touches him. She claimed that he did it more than once, "one time when [she] was six, two times when [she] was five, [and] three times when [she] was four." The prosecution argued that it appeared the child was clearly talking about two separate things, acts that she attributed to Appellant and distinct acts she attributed to the young boy.

The portion of the interview that Appellant contends rendered the child's incriminating statements against him unreliable states:

> CHILD: Well, we laid in the bed and touched each other. My dad didn't have any clothes on. He told me to take off my clothes, so I agreed; but [J.] was the one, who really is not in my family. And [J.] is the one that's not my brother or in my family; but he's a boy. He's Jordan's baby brother. He's only ten.
>
> INTERVIEWER: Okay. And –
>
> CHILD: When I was four and he – he was eight when I was four. And he told me to take off my shirt, and my pants, and my shoes, socks.

3

And he said, "If you do that –" he'll give me $10. But he tricked me. He didn't do it. He wanted me to do it on purpose.

INTERVIEWER: Okay.

CHILD: There was another boy there that saw it. I didn't want [J.] to do it, but [J.] liked me too much, he had to do that. Papa, his daddy, and his mommy spanked him and got him in trouble and grounded.

INTERVIEWER: Okay. Okay. [A.S.], let's start talking about the time with your dad when you were six years old.

CHILD: Okay.

INTERVIEWER: Let's talk about that first. Okay? Was anybody else there? Okay.

After reviewing the interview recording and considering argument of counsel, the trial court determined that this portion of the interview did not render the interview unreliable.

The trial court announced its detailed ruling from the bench, finding that the statements and the interview recording in its entirety were admissible because the "time, content and circumstances of the statements" provided "sufficient safeguards of reliability, and it [met] the statutory criteria and the criteria in State v. Townsend."[*] In making this finding, the trial court considered the child's mental and physical age; the nature and duration of the abuse; the relationship of the child to the offender; the reliability of the child's assertion; the reliability of the victim;

---

[*] State v. Townsend, 635 So. 2d 949 (Fla. 1994).

4

the spontaneity of the statements; whether the statements were in response to questions asked from adults and the environment, context, and methodology used by the interviewer; whether the statements were made at the first opportunity following the alleged incident; whether the statements included a child-like description of the act; whether there was evidence of any motive or lack thereof to fabricate the allegations; the ability of the child to distinguish fantasy and reality; the vagueness of the accusations; the possibility of any improper influence on the child; and whether there were any inconsistencies in the accusations. The trial court made case-specific findings by considering the language and gestures of the child and relating them to factors suggested by statute and case law.

At trial, the child, a Department of Children and Families caseworker, a detective, the CPT interviewer, and Appellant testified. The recorded interview between the child and the CPT interviewer was played for the jury. Appellant was subsequently convicted of all of the charges. This appeal followed.

II.

The standard of review applied to a trial court's finding that the hearsay statements of a child victim are reliable and come from a trustworthy source, making them admissible pursuant to section 90.803(23), is abuse of discretion. Jones v. State, 728 So. 2d 788, 790 (Fla. 1st DCA 2011); see Perez v. State, 536 So. 2d 206, 210 (Fla. 1988).

For a child hearsay statement to be admissible at trial, the court must hold a hearing outside the presence of the jury to determine if the statement meets two reliability conditions: "(1) the source of the information through which the statement was reported must indicate trustworthiness; and (2) the time, content, and circumstances of the statement must reflect that the statement provides sufficient safeguards of reliability." State v. Townsend, 635 So. 2d 949, 954 (Fla. 1994). Suggested factors for courts to consider in making this determination may be found in both statutory and case law. See § 90.803(23)(a)(1); Townsend, 635 So. 2d at 957-58. Child hearsay statements are admissible when the trial court fulfills its responsibility to place on the record specific findings of fact that "the time, content, and circumstances of the statement provide sufficient safeguards of reliability." § 90.803(23)(a)(1); see also Hopkins v. State, 632 So. 2d 1372, 1376-77 (Fla. 1994) (noting that mere recitation of the statute in the absence of specific findings of reliability "ignores the clear directive of the statute" and also implicates defendants' constitutional rights to confrontation); Barton v. State, 704 So. 2d 569, 575 (Fla. 1st DCA 1997) (determining that conclusory findings by a trial court are not adequate).

Here, the trial judge considered factors suggested by section 90.803(23)(a)(1) and State v. Townsend and announced his extensive findings on the record. For each finding the court announced, it also provided a detailed

6

explanation of its reasoning. For example, in relation to the child's mental and physical age, the court stated the following:

> First, the mental and physical age of the child. The child is six years of age. She appeared to me to be very bright. She stated she was in kindergarten. She had a very detailed memory, not only about the events that she described, but other things as well, such as what happens in kindergarten, what happens in school, names of her classmates that cause trouble in class, et cetera.

The court noted that the child's descriptions of the acts with Appellant were child-like, reciting specific language meeting this description. The court observed, based on the specific descriptions the child provided, that a child would not even be able to speak that way without experiencing what she described.

Another factor the trial court considered was whether there were any inconsistencies in the child's accusations. The court found the child was consistent throughout and addressed Appellant's concern about the young boy as follows:

> My review of the video tape and of the statements proffered in paragraph two of the notice of intent, there were no inconsistencies that I can see. The child's story was consistent throughout. She described another event with another person whose name, I think, was [J.], but I'm not sure I remember the exact name.
>
> And I think the state captured the essence of that when they argued that when they suggested that it was two different incidents, two different things, that doesn't necessarily mean there's an inconsistency. It just means that something else in addition to that might have happened.

## III.

We conclude that the trial court's findings concerning the reliability of the child hearsay statements are specific, properly placed on the record, and supported by competent, substantial record evidence. We further find that the judge analyzed the child's statements according to the factors suggested by statute and case law and appropriately assessed Appellant's concern about the additional allegations involving a separate offender. We commend the trial court for making a thorough record, and we affirm Appellant's convictions and sentences.

AFFIRMED.

ROBERTS, CJ., and THOMAS, J., CONCUR.