WARNER, J.
Convicted of multiple counts of sexual battery by a person eighteen years of age upon a person less than twelve years of age, namely his daughter, appellant appeals, raising three issues. First, he contends that the court erred in considering corroborating evidence in determining whether to admit the child’s out-of-court statement. The child also testified at trial. We find that the court did not err in considering corroborating evidence at the hearing on admission of the child’s out-of-court statement. Second, he claims that he was entitled to a judgment of acquittal on two of the four counts because of lack of evidence as to those two counts. Because the child’s out-of-court statement, admitted in evidence, provided proof of these two incidents, we affirm.- Finally, he contends that the State improperly shifted the burden of proof in its cross-examination of appellant during trial. We conclude the burden was not shifted, but in any event, it was harmless beyond a reasonable doubt. We affirm.
Appellant was charged with four counts of sexual abuse of his daughter. The abuse began when the daughter was about seven and continued until the daughter was eleven years old, when she told a friend about it. The friend told her mother, who reported it to the police. The daughter was examined by a nurse practitioner, to whom the child made several statements regarding the extent of the sexual abuse and that her father was the perpetrator. The child also made a statement to the investigating detective.
The State provided notice that it intended to offer both statements at trial as child hearsay statements pursuant to section 90.803(23), Florida Statutes (2015). The court held a hearing at which the nurse practitioner testified to the statements made by the child. The State also asked her about her examination of the child and any injuries she observed. Defense counsel objected, without specifying the nature of the objection, which was overruled, and the nurse testified that she observed a tear of the child’s hymen which was a “strong indicator” of penetration. The investigating detective also testified to the statements made by the child during her interview with the child. The child’s recorded statement was played, which detailed the various acts committed by appellant. After the statement was played, the detective testified that when she went to apprehend appellant at his place of work, he attempted to flee. Defense counsel objected on the grounds that the court was not to consider corroborating evidence when determining admissibility, and the court sustained the objection.
The trial court entered an order finding that the child’s statement was admissible. The court addressed each factor necessary to determine whether the statement should be admitted and concluded that the child’s out-of-court statements were reliable. The court specifically found:
The child made detailed statements about the abuse to the interviewer. The description was age appropriate. The child responded to open ended questions by the examiner in describing the acts of abuse.
[[Image here]]
The child demonstrated the ability to tell the truth from a lie. She was well spoken and articulate. No motive for fabricating the statements was evident in the interview. The child gave a detailed description of the defendant’s genitalia. The child specifically recalled the acts of sexual abuse in describing the position she was in and the defendant was in, where the abuse would occur and how it occurred. The child used age *387 appropriate language in describing the abuse.
The order mentioned the fact that the nurse had observed the tear which was an indicator of penetration, but it did not include any reference to the detective’s statement that appellant attempted to flee.
At trial, the child, who was twelve at the time of trial, testified to the abuse by her father and gave details which were consistent with her prior statements. She was subject to cross-examination. The nurse testified as to her physical examination of the victim, as well as the statements that the child made to her. The investigating detective testified and, over objection, the tape of the interview with the child was played.
The defense moved for judgment of acquittal on two counts involving digital penetration, citing lack of evidence of such conduct for the periods alleged in the information. The trial court denied the motion.
Appellant then testified, claiming that he had never engaged in any sexual contact with his daughter. On cross-examination, the State asked appellant, “And is it your position, sir, that [the victim] has made these very specific allegations about you repeatedly and consistently for no good reason?” Defense counsel objected to the question as improperly shifting the burden. The court overruled the objection, and the State asked again why the victim would make up “these outrageous ... lies.” Appellant suggested that someone else might be influencing her, and the state questioned the defendant on who that might be, for which the defendant admitted he didn’t know. Defense counsel then rested and renewed the defendant’s motion for judgment of acquittal, which the court denied.
The jury found appellant guilty as charged on all counts. He was adjudicated guilty and sentenced to concurrent life sentences on all five counts, with a twenty-five year minimum mandatory on count five as a sexual predator. A timely notice of appeal was filed.
In his first issue, appellant argues that the trial court erred in admitting the victim’s out-of-court hearsay statements because the court impermissibly relied on corroborating testimony, namely the nurse’s testimony of the victim’s injuries and the detective’s testimony of appellant’s flight. The State counters that appellant failed to preserve the objection to the nurse’s testimony because it did not specify the nature of the objection. The only objection appellant made to the nurse’s testimony during the hearing to determine the reliability of the out-of-court statement by the child, was when the State asked whether the victim’s injury was “consistent with the report that [the victim] made[.]” Defense counsel merely stated “Objection,” which the court overruled without further discussion.
“While no magic words are required to make, a proper objection ... the concern articulated in the objection must be sufficiently specific to inform the court of the perceived error.” Aills v. Boemi, 29 So.3d 1105, 1109 (Fla.2010). Here, defense counsel did not specify the nature of the objection. Although counsel raised the specific legal argument later on with regard to the detective’s testimony regarding appellant’s flight, counsel did not make that objection to the nurse’s testimony. We agree with the State that the issue has not been preserved as to the nurse’s testimony. As to the detective’s testimony regarding appellant’s flight, the court sustained the objection and never mentioned it in its order.
*388 Even if the defense objection to the nurse’s testimony properly preserved the objection, we would still affirm. Section 90.803(23)(a), Florida Statutes (2015), sets forth the standard for admitting hearsay statements of a child victim in sexual abuse cases:
Unless the source of information-or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 16 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, dr on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards, of reliability. In making its determination, the. court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense.
§ 90.803(23)(a), Fla. Stat. (2015). . In this case, the child testified at trial.
State v. Townsend, 635 So.2d 949, 954 (Fla.1994), upon which appellant relies, provides the procedure for determining the reliability of a child hearsay statement where the child is unavailable to testify. See Mikler v. State, 829 So.2d 932, 934 (Fla. 4th DCA 2002). Here, because the child was available and subject to cross-examination, the Sixth Amendment issues which the court addressed in Townsend are not present in this case. Under Townsend, when a child is “unavailable” to testify at trial, then before the court admits such testimony the court must determine both the reliability of the statement and that there is corroborating evidence.
First, the trial judge must determine whether the hearsay statement is reliable and from a trustworthy source without regard to corroborating evidence. If the answer is yes, then the trial judge must determine whether other corroborating evidence is present. If the answer to either question is no, then the hearsay statements are inadmissible;
Townsend, 635 So.2d at 957.
Thus, the court did not err in hearing the nurse’s testimony regarding the child’s torn hymen which corroborated her statements. Although the court mentioned the corroboration of the tear in the order, from the court’s analysis of the various factors regarding reliability, the court did not use corroboration to conclude that the statements were reliable. And, because the child testified and was extensively cross-examined, the appellant was not deprived of his Sixth Amendment right of confrontation.
We summarily dispose of appellant’s second issue on appeal. He claims that there was no evidence to support two counts of digital and vaginal penetration on the' date alleged in the information. The evidence was contained in the child’s statement given to the detective which was admitted at trial. Therefore, the court *389 correctly denied the motion for judgment of acquittal.
Finally, appellant claims that the State improperly shifted the burden of proof when it asked appellant on cross-examination why his daughter would make such “outrageous lies” about him. In essence, appellant contends that the State required him to prove that the victim had a motive to lie in order for his denial to be believed.
“A trial court’s decision to admit or exclude evidence is reviewed by utilizing the abuse of discretion standard of review.” Farrell v. State, 186 So.3d 1046, 1061 (Fla. 4th DCA 2016) (quoting Alexander v. State, 103 So.3d 953, 964 (Fla. 4th DCA 2012)).
“Once a defendant chooses to take the stand and put his credibility at issue, the prosecution is entitled to ‘expose contradictions and improbabilities in [the defendant’s] version of events.’” Davis v. State, 136 So.3d 1169, 1202 (Fla.2014) (quoting Evans v. State, 838 So.2d 1090, 1095 (Fla.2002)). However, “the State may not elicit testimony at trial that could lead the jury to the erroneous conclusion that the defendant has a duty to produce exculpatory evidence to refute an element of the charged crime.” Warmington v. State, 149 So.3d 648, 654 (Fla.2014).
Although we could not find a Florida case directly on point, the State points to two cases from other jurisdictions which found that such questioning- does not improperly shift the burden of proof. See People v. Allen, 13 A.D.3d 892, 787 N.Y.S.2d 417, 423 (2004) (“Since defendant’s testimony was that the victim’s account was entirely false, we discern no error in asking defendant why the victim would so fabricate this incident[.]”); State v. Graham, 59 Wash.App. 418, 798 P.2d 314, 319 (1990). Graham is closer on point than Allen. There, the defendant was also charged with abuse of his child. Graham, 798 P.2d at 316. When the defendant testified at trial and denied all of the allegations of abuse, the State cross-examined him extensively as to what reason the victim would lie. Id. at 318. The court concluded that this cross-examination did not impermissibly shift the burden of proof. Id. at 319. Thróughout the trial, the defendant had contested the credibility of the victim, noting her delay in reporting any incident. Id. Thus, the court concluded that the State was allowed to rebut this inference that the victim lacked credibility. Id. “[I]t was not unreasonable to allow the State to pursue the issue and inquire of Graham as to C.S.’s motive to lie about the abuse.... There is no reason to conclude that the prosecutor’s. questions had the effect of shifting the burden of proof.” Id.
Similarly, the defense in this case attempted to show that the victim’s delay in reporting the incident and the discrepancies in her various statements showed that she was not credible. Thus, having át-tacked the victim’s credibility, and appellant having testified that he never touched the victim, the State was allowed to rebut the inference that the victim lacked credibility. Id. We agree with the Graham analysis and find that the questions to appellant did not improperly shift the burden of proof.
Even if the questions were improper, we conclude that it was harmless beyond a reasonable doubt. The prosecutor in closing argument did not shift the burden. She never mentioned appellant’s failure to provide a reason why the victim was not telling the truth. The court properly instructed the jury on the burden of proof. Under the circumstances, even if the prosecutor went too far in questioning appellant about the victim’s motive to lie, the *390 error was harmless beyond a reasonable doubt.
For the foregoing reasons we affirm appellant’s conviction and sentence.
TAYLOR and GERBER, JJ., concur.