# Third District Court of Appeal

## State of Florida

Opinion filed May 16, 2018.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D16-269
Lower Tribunal No. 12-6207

————————————

**James Roberts,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge Rodriguez-Chomat, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.

Before EMAS, LOGUE, and LINDSEY, JJ.

LOGUE, J.

On Appellee's Motion for Issuance of a Written Opinion

We grant Appellee's motion for issuance of written opinion, withdraw our prior per curiam affirmance, and substitute this opinion in its stead.

James Roberts appeals his judgment and life sentence as a prison releasee reoffender after a jury found him guilty of three counts of lewd or lascivious molestation of a child under twelve years of age and two counts of misdemeanor battery. On appeal he argues that the trial court erred by admitting several child-hearsay statements under section 90.803(23), Florida Statutes (2014). We affirm for two reasons. First, Roberts failed to preserve the issues he raises on appeal. Second, even if the issues were preserved, we conclude that the child-hearsay statements were properly admitted.

Background

On a spring afternoon in March 2012, James Roberts was at a residential community clubhouse in Homestead. Based on his behavior in the swimming pools there, Roberts was charged with three counts of lewd or lascivious molestation on a child under twelve years of age and two counts of battery.

Before trial, the State filed a notice of intent to introduce the hearsay statements of the child victims. The trial court held an evidentiary hearing on the matter, during which it heard the testimony of four witnesses to whom the child-victims made statements—the officer who responded to the scene and three parents who were present at the scene. The trial court also reviewed a videotape of

2

forensic interviews conducted with each child. It concluded that the child-hearsay statements were sufficiently reliable and therefore admissible under section 90.803(23).

At trial, the jury heard testimony from five children who were touched by Roberts as they played that day in the swimming pools. Three of the children testified that they were touched on their bottoms. The jury also heard the child-hearsay statements made to parents and law enforcement regarding the incident. Roberts was found guilty on all counts and sentenced to life as a prison releasee reoffender. This appeal followed.

Analysis

Roberts raises two issues on appeal concerning the trial court's admission of the child-hearsay statements. He argues that the trial court made insufficient, "boilerplate" findings of reliability under section 90.803(23) and that the trial court improperly relied on corroborating evidence in concluding that the statements were sufficiently reliable.

We first note these two issues were not preserved for this court's review. "[A] defendant must object to the sufficiency of the trial court's findings regarding the admissibility of child-hearsay statements in order to raise the legal error on appeal." Elwell v. State, 954 So. 2d 104, 106 (Fla. 2d DCA 2007). The Florida Supreme Court has reiterated that no party "should be able to argue for reversal on

3

appeal on grounds that the trial court failed to make a critical factual finding on the record without first objecting on that basis—and giving the trial court an opportunity to correct any error at that time." Spencer v. State, 43 Fla. L. Weekly S34 (Fla. Jan. 25, 2018) (Lawson, J. concurring) (citing Elwell with approval). Similarly, to challenge the trial court's reliance on corroborating evidence in determining the reliability of child hearsay statements, a timely, specific objection must be made below. See, e.g., Seaman v. State, 608 So. 2d 71, 73 (Fla. 3d DCA 1992) (concluding that the argument was not preserved for this court's review because "[w]e can find no specific objection by defendant to the use of corroborating evidence as a factor in finding the child hearsay statements to be reliable"); Granados v. State, 199 So. 3d 384, 387 (Fla. 4th DCA 2016) (concluding the defendant failed to preserve the argument that the trial court impermissibly relied on corroborating testimony when it admitted the child-hearsay statements).

At the hearing on the admissibility of the child-hearsay statements, defense counsel suggested that the hearsay statements were not reliable because the children were influenced before making their statements. Defense counsel highlighted the facts that the officer described "a chaotic scene when he initially arrived"; that "these are children that knew each other"; and that the officer was "probably not assured that these children did not discuss this amongst themselves

4

and the parents." Nevertheless, the trial court ruled the hearsay statements admissible, and the following exchange ensued:

> Defense counsel: For the record, the defense respectfully disagrees for the record, for purposes of the—
>
> Trial court: No problem. Okay, defense, I need you to state whatever witnesses you are going to call, the names and whatever witness you intend to call.

No further argument or objection to the hearsay statements was ever made by defense counsel from the time the trial court ruled on their admissibility to the time the jury rendered its verdict.

We are hard-pressed to conclude that defense counsel's brief disagreement detailed above fairly apprised the trial court of the two specific arguments now raised on appeal. Cf. Globe v. State, 877 So. 2d 663, 677 (Fla. 2004) ("Although defense counsel disagreed with the giving of [a jury instruction], it does not appear from the record that counsel ever objected to the giving of the instruction.").

Roberts contends that the issues are preserved because the trial court interrupted a proper objection. See, e.g., Nieves v. State, 678 So. 2d 468, 469 (Fla. 5th DCA 1996) (concluding that the narrow issue concerning documentary support for costs of prosecution in an order of probation was preserved where "it appears from the record that the trial court may have interrupted a proper objection"). But the cases upon which he relies are easily distinguishable. For instance, in State v. Rosa, 774 So. 2d 730 (Fla. 2d DCA 2000), even though the State did not explain

5

the grounds for its objection, the Second District concluded that the State's argument was properly preserved because the trial court cut off the prosecutor's objection by stating, "The record will reflect the state's objection," and the issue raised on appeal was "the only possible basis for the objection." Id. at 731 n.2. In contrast, here, there were several potential bases for an objection, ranging from the issues now argued on appeal to defense counsel's argument below that the hearsay statements were not reliable because they were the product of improper influence.

In State v. Amodeo, 750 So. 2d 664 (Fla. 5th DCA 1999), the Fifth District permitted the State to raise an issue that was not articulated below because the "hearing was conducted in such a rushed atmosphere and in such a cursory fashion, that it appears the trial judge had predetermined [its ruling]," the trial court "abruptly cut off the State Attorney's effort to make an objection," and it then "abruptly adjourned" the hearing. Id. at 665, 667.

The trial court's interruption here was brief and isolated. Its response of "no problem" to defense counsel's disagreement with its ruling is in stark contrast to the type of hasty shutdowns counsels experienced in Amodeo and Rosa. The record does not show that the trial court was so abrupt or cursory throughout the proceedings that counsel was precluded from making a proper objection at the hearing or even at trial. See, e.g., Hopkins v. State, 632 So. 2d 1372, 1376 (Fla. 1994) (noting "it would have been preferable for defense counsel to object each

6

time the hearsay testimony was introduced" at trial but concluding that the challenge to the trial court's findings was preserved because counsel requested a continuing objection during trial and objected at the end of the hearing on admissibility).

Of course, trial courts must allow parties the opportunity to make proper objections to preserve the record. But under these circumstances, we cannot conclude that the interruption excused defense counsel from putting the trial court on notice of the specific issues now raised on appeal. Because Roberts never raised an objection concerning the sufficiency of the trial court's statutory findings or the trial court's reliance on corroborating evidence, we conclude that these issues are unpreserved. See, e.g., Elwell v. State, 954 So. 2d 104, 109 (Fla. 2d DCA 2007) (concluding that the "trial court was never placed on notice of any error with respect to its findings and thus was never given an opportunity to correct the deficiency in the findings" where the objection below concerned only the reliability of the child-hearsay statements).

In any event, even if the issues were properly preserved, we conclude that the trial court acted within its discretion in admitting the child-hearsay statements. Under section 90.803(23), the hearsay exception for a statement made by a child victim is met if:

> The court finds in a hearing conducted outside the presence of the jury that the time, content, and

7

circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate[.]

§ 90.803(23)(a)(1). Other factors a trial court may consider in determining the reliability of a child-hearsay statement were outlined by the Florida Supreme Court in State v. Townsend, 635 So. 2d 949, 957-58 (Fla. 1994). These factors

may include, but are not limited to, a consideration of the statement's spontaneity; whether the statement was made at the first available opportunity following the alleged incident; whether the statement was elicited in response to questions from adults; the mental state of the child when the abuse was reported; whether the statement consisted of a child-like description of the act; whether the child used terminology unexpected of a child of similar age; the motive or lack thereof to fabricate the statement; the ability of the child to distinguish between reality and fantasy; the vagueness of the accusations; the possibility of any improper influence on the child by participants involved in a domestic dispute; and contradictions in the accusation.

Townsend, 635 So. 2d at 957-58. Importantly, in ruling on the admissibility of a child-hearsay statement, the trial court "shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection." § 90.803(23)(c). Indeed, a "mere conclusion that a child's statements are reliable or a mere restatement of the statute in a boilerplate fashion is insufficient." Townsend, 635 So. 2d at 957.

8

In Townsend, the Florida Supreme Court concluded that the trial court reversibly erred because it "merely listed each of the statements to be considered and summarily concluded, without explanation or factual findings, that the time, content, and circumstances of the statements to be admitted at trial were sufficient to reflect that the statements were reliable." Id. at 958.

Roberts contends that, as in Townsend, the trial court here erred by making boilerplate and conclusory findings. We disagree. Although the trial court could have made more comprehensive findings, the record here shows that the trial court cumulatively weighed the facts and made sufficient findings to admit the child-hearsay statements. Cf. Cabrera v. State, 206 So. 3d 768, 774 (Fla. 1st DCA 2016) (Osterhaus, J., specially concurring) (concluding that the trial court did not abuse its discretion but noting that its reliability determination was "a close call" and "it would have been better if the trial court's findings were more comprehensive").

As mentioned above, at the hearing on the admissibility of the child-hearsay statements, defense counsel argued that the statements were not reliable because they were improperly influenced. In response, the State argued,

> [W]hile defense counsel is trying to say [the children] are somehow influenced, they each give a very different independent recollection of what happened. Each child gives a different detail about what happened to them. There is no evidence that one child influenced the other. They gave statements before they all came together at the clubhouse, and they all gave statements after. And,

9

Judge, it is very clear that they were—did not influence each other.

Both the State and defense counsel reiterated the factors the trial court could consider in determining the reliability of the child-hearsay statements.

The trial court's findings were in large part tailored to address the possibility of improper influence—the single disputed issue at the hearing. It noted the children's ages and analyzed the circumstances surrounding the children's initial interview with law enforcement, noting that "[a]ll of the show-ups were done at different times, one after the other, but individually to each one of the alleged victims." And it found that at the time of the interviews, there "was approximately fifteen feet between the victims, each one of them, and the position where the defendant was," and each child "had been placed in different areas of the clubhouse prior to [the officer] talking to them individually."

In determining the reliability of child-hearsay statements in the forensic interviews videotaped nearly a week after the incident, the trial court found:

> the information that they provided, is relevant; that they know the difference between truth and lies; that they have a clear recollection of the event; and that they are able to state what happened in an understandable manner; and also, that all of their testimony was not exactly alike. They do corroborate each other. And the testimony that I see from the girls, themselves, on those videos corroborate what the testimony that was mentioned before and what was said.
>  So on the [90.803(23)], the totality of the circumstances, I find that this video and the statements

10

> given by the girls to the police in the course of the examination are admissible in evidence, and I have taken into account the mental and physical ability of each one of the victims.

The trial court clarified that its findings of admissibility applied to the child-hearsay statements made to the police, the parents, and the forensic interviewer. Regarding the statements made to the parents, the trial court noted they were admissible "for reasons that I have already announced."

The trial court's findings here are by no means ideal. We recognize that each case is unique, the Townsend factors are not exhaustive, and not all factors are relevant in all cases. Still, a superior approach would have been for the trial court to analyze each statement made to each adult, one-by-one, and expressly connect the statutory and Townsend factors with its detailed factual findings. See, e.g., Small v. State, 179 So. 3d 421, 424-25 (Fla. 1st DCA 2015) ("commend[ing] the trial court for making a thorough record" and noting that "[f]or each finding the court announced, it also provided a detailed explanation of its reasoning").

Notwithstanding this criticism, we cannot say that the trial court abused its discretion here by admitting the child-hearsay statements. This record shows that the trial court analyzed the time, content, and circumstances of the statements in making its reliability determination. It also offered its reasoning as to why the statements were not improperly influenced. These findings, which focus on the facts of this case and fill four-and-a-half transcript pages, are certainly not the type

11

of boilerplate findings that warrant a reversal.  See, e.g., G.H. v. State, 896 So. 2d 833, 835 (Fla. 1st DCA 2005) ("Here, the trial court's statement: 'I find specifically that the statements are reliable and trustworthy, the testimony I've heard in this trial thus far,' was conclusory and inadequate."); Hopkins v. State, 632 So. 2d 1372, 1376-77 (Fla. 1994) (concluding that "mere recitation of the boilerplate language of the statute . . . is not sufficient" where the trial court stated it was "going to  . . .  make a finding of fact that the time, content and circumstances of the statements provides sufficient safeguards for reliability").

Roberts' second argument on appeal is that the trial court reversibly erred by relying on corroborating evidence to determine the admissibility of the child-hearsay statements.  Again, assuming that this argument is preserved, we disagree.  Citing Townsend, Roberts argues that a trial court must not rely on corroborating evidence in making its reliability determination.  While that is a correct statement of the law, the facts here are distinguishable.

First, this case does not implicate the same Sixth Amendment right-of-confrontation issues as in Townsend because the child declarants here testified at trial and were subject to cross examination.  In Townsend, the Florida Supreme Court addressed the admissibility of child hearsay statements where the child declarant was unavailable to testify.  Townsend, 635 So. 2d at 956-59. Reaffirming its holding that section 90.803(23) complied with the confrontation

12

clauses of the federal and Florida constitutions, the Florida Supreme Court explained the relationship between the hearsay statements of an unavailable witness and "other corroborating evidence":

> Although section 90.803(23)(a)(2)(b) does require that other corroborating evidence must exist before hearsay evidence can be admitted, *this requirement is in addition to the requirement that the hearsay evidence, in and of itself, must be reliable.*

Id. at 956. Accordingly, "the other corroborating evidence requirement assures that a defendant will not be convicted solely on the basis of the hearsay testimony." Id. at 957. This requirement "acts as a safeguard to protect the interests of the accused, which traditionally has been one of the basic underlying reasons for not allowing hearsay testimony in criminal trials." Id.

Townsend therefore clarified that in a case where the child declarant is unavailable to testify, the trial court must first make its reliability determination without regard to other corroborating evidence. Id. at 956-57; see also Rodriguez v. State, 77 So. 3d 649, 651 (Fla. 3d DCA 2011) ("The reliability of the statements must be determined independent of any corroborating evidence."). But unlike in Townsend, here the child declarants and witnesses were available and subjected to cross-examination at trial, so Roberts' Sixth Amendment right of confrontation was not implicated.

13

Second, Roberts argues that the trial court improperly relied on its findings that the child-hearsay statements "do corroborate each other" and "the testimony that I see from the girls, themselves, on those videos corroborate what the testimony that was mentioned before and what was said." But these findings do not appear to be the type of corroborating evidence—such as medical evidence of injuries—that Townsend proscribes. The phrase "other corroborative [or corroborating] evidence of the abuse or offense" has been defined as "evidence other than the alleged child victim's out-of-court statements which tends to confirm that the charged offense occurred." Jones v. State, 728 So. 2d 788, 791 (Fla. 1st DCA 1999).

Instead here, the trial court's findings regarding the children's out-of-court statements show that it considered one of the express Townsend factors— "contradictions in the accusation"—to determine the reliability of the statements. And in doing so, it concluded that the statements were not "exactly alike" but consistent. Similarly, in Rodriguez v. State, 77 So. 3d 649, 651 (Fla. 3d DCA 2011), the trial court found that "the child's reports to the various witnesses were consistent," and this court viewed that finding as one of the proper "detailed findings of fact regarding the time, content, and other relevant circumstances in which the child-victim's hearsay statements were made, so as to establish

14

reliability." Accordingly, we conclude that the trial court did not improperly rely on corroborating evidence as a factor in its reliability determination.

For the reasons discussed above, we conclude that the trial court acted within its discretion in admitting the child-hearsay statements under section 90.803(23), and we affirm Roberts' judgment and sentence.

LINDSEY, J., concurs.

EMAS, J., dissenting.

I respectfully dissent.

The majority first holds that the claim was not preserved for appellate review. I disagree with this conclusion given that, when the court announced its ruling, trial counsel contemporaneously objected, and began stating the basis for the objection, but was interrupted by the trial court mid-sentence, preventing counsel from setting forth the specific grounds. Under these circumstances, the issue was properly preserved. State v. Amodeo, 750 So. 2d 664, 667 (Fla. 5th DCA 1999) (noting: "The trial judge also abruptly cut off the State Attorney's effort to make an objection, thereby jeopardizing the state's ability to appeal this issue. In these circumstances, we will permit the state to raise this issue"); Nieves v. State, 678 So. 2d 468, 470 (Fla. 5th DCA 1996) (observing: "The state argues that appellant waived any objection to the lack of documentation by failing to properly preserve the issue . . . but it appears from the record that the trial court may have interrupted a proper objection"). See also US Bank N.A. as Trustee for CSFB Heat 2006-7 v. Tranumn, 43 Fla. L. Weekly D94 (Fla. 1st DCA Jan. 2, 2018) (holding "an issue may be preserved without a contemporaneous objection if

16

'it appears from the record that the trial court may have interrupted a proper objection'") (quoting Nieves, 678 So. 2d at 470).

On the merits, reversal is required because the trial court failed to make specific findings of fact regarding reliability and trustworthiness as required by section 90.803(23)(a) and (c), Florida Statutes (2014). See State v. Townsend, 635 So. 2d 949 (Fla. 1994); Hopkins v. State, 632 So. 2d 1372 (Fla. 1994); Rodriguez v. State, 77 So. 3d 649 (Fla. 3d DCA 2011); Barton v. State, 704 So. 2d 569 (Fla. 1st DCA 1997); Garcia v. State, 659 So. 2d 388 (Fla. 2d DCA 1995). The majority opinion asserts that the trial court's findings "fill four and a half transcript pages." Maj. op. at 11. This is not entirely accurate. The first four pages consisted merely of the trial court summarizing the testimony that had just been elicited during the course of the hearing. The trial court's findings comprised exactly two paragraphs:

> The result of the [Kristi House] interviews, in my opinion, is that these three girls, the information that they provided, is relevant; that they know the difference between truth and lies; that they have a clear recollection of the event; and that they are able to state what happened in an understandable manner; and, also, that all of their testimony was not exactly alike. They do corroborate each other. And the testimony that I see from the girls, themselves, on those videos corroborate what the testimony that was mentioned before and what was said.

> So on the [90.803(23)], the totality of the circumstances, I find that this video and the statements given by the girls to the police in the course of the examination are admissible in evidence, and I

17

have taken into account the mental and physical ability of each one of the victims.

A review of the above paragraphs reveals that the trial court did not make a finding that the statements were "reliable" or "trustworthy", concluding only that they were "relevant" and "admissible."   A reviewing court is not permitted to "fill in the gap" or infer this critical finding, as it represents the very foundation upon which admissibility of these statements is premised.  Garcia, 659 So. 2d at 393 ("the law precludes us as a reviewing court from making an independent determination of whether this child's statements were in fact reliable"); Mathis v. State, 682 So. 2d 175, 178 (Fla. 1st DCA 1996) (disapproved on other grounds by Dudley v. State, 139 So. 3d 273 (Fla. 2014)) (holding, "if the trial court's findings are insufficient to comply with the statute, a reviewing court should not look behind those findings to determine whether, notwithstanding the insufficiency of the findings, the evidence is sufficient to sustain the trial court's ruling regarding admissibility of the statement").

Further, the trial court's summary findings "ignore[] the clear directive of [section 90.803(23)]," and are insufficient to satisfy the case-specific requirements of section 90.803(23) "because they failed to address why the time, content, and circumstances of each individual statement provided sufficient safeguards of reliability."   Garcia, 659 So. 2d at 392 (citing Hopkins, 632 So. 2d at 1377)

18

(emphasis added). In other words, the trial court must provide a nexus between the specific evidence presented and the specific factors considered by the court in making its determination of reliability.

In fact, the only case-specific findings made by the trial court relate to corroboration. In this regard, the trial court erred, as it was prohibited from considering corroborating evidence in making its determination. Townsend, 635 So. 2d at 958; Rodriguez, 77 So. 3d at 651. The majority concludes that the trial court could validly consider whether statements given by one child were consistent with the statements given by the other children. For this proposition, the majority relies upon our prior decision in Rodriguez, in which we held the trial court properly considered the fact that "the child's reports to the various witnesses were consistent." 77 So. 3d at 651 (emphasis added). Rodriguez stands for the proposition that in determining reliability and trustworthiness, a trial court may consider whether a child's _own_ statements are internally consistent or inconsistent. For example, where a child reports an incident at different times to different people, and the child's various accounts of the incident are consistent with each other, the trial court may properly consider this as evidence of reliability. Our holding in Rodriguez is premised upon Townsend, 635 So. 2d at 958, which specified that a trial court may properly consider any "contradictions in the accusation." This is a reference to the internal consistency (or inconsistency) of a

19

child's own statements over time. In the present case, by contrast, the trial court conducted a reliability analysis by comparing the child's statement with statements *made by other children*, concluding that "they do corroborate each other." This is not permitted under <u>Townsend</u>, which plainly holds that "a court should not consider other corroborating evidence to determine the reliability of the child's statement." <u>Id.</u> at 957-58.

I would reverse and remand for a new trial.