# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-1661

_____

GENE TRUMAN SMITH,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Edward P. Nickinson, III, Judge.

April 5, 2019

PER CURIAM.

Based on acts involving his biological daughter, Gene Smith was charged with capital sexual battery. Smith waived his right to a jury trial, opting to let a judge decide his guilt or innocence. The judge heard testimony from the victim, who was seven at the time of the conduct and nine by the time of trial. The victim testified that Smith forced her to perform sex acts on him in a motel room while Smith's infant child—the victim's half-brother—rested in a baby carrier nearby. Then the infant's mother testified, explaining that she witnessed the act after walking in on Smith unexpectedly. And a second woman testified that she entered the room right after the incident, not seeing the act itself but witnessing its immediate aftermath. In addition, the judge watched a video of the victim's

child-protection-team interview. And the judge also heard a recorded jail call between Smith and the infant's mother.

After hearing the evidence, the judge found Smith guilty and sentenced him to life in prison. Smith appeals, raising two issues. First, he contends that the trial court should have excluded the video of the child's interview. Second, he contends the jail call audio was inadmissible hearsay. We reject both contentions.

Under section 90.802(23), Florida Statutes, courts can consider hearsay evidence from victims of child sex abuse. The statute provides that courts must first conduct a hearing to determine whether the hearsay evidence has sufficient indicia of reliability. *See State v. Townsend*, 635 So. 2d 949, 954 (Fla. 1994); *Small v. State*, 179 So. 3d 421, 424 (Fla. 1st DCA 2015). We review a trial court's determinations regarding reliability only for an abuse of discretion. *Small*, 179 So. 3d at 424. Here, the trial court detailed its reasoning for finding the statement sufficiently reliable, including the manner in which the interview was conducted, the child's behavior during the interview, the child's description of the acts, and other appropriate factors. *See Townsend*, 635 So. 2d at 957-58 (describing appropriate factors for consideration). We find no abuse of discretion.

We next reject Smith's second argument, that the trial court should have excluded the jail-call audio as hearsay. Whether evidence qualifies as hearsay subject to an exception is a question reviewed de novo. *See Powell v. State,* 99 So. 3d 570, 573 (Fla. 1st DCA 2012). In the call, the mother of Smith's infant told him he needed to get help, and Smith asked, "you gonna help me get the help that I need?" Smith argues this was not an admission because he was not admitting to the abuse. But whether he was admitting to a crime or not, his own statements are excepted from the general hearsay prohibition. *See* § 90.803(18)(a), Fla. Stat.; *see also Moore v. State*, 701 So. 2d 545, 549 (Fla. 1997) (noting that a party's own statement satisfies the § 90.083(18)(a) admissions exception). The trial court did not abuse its discretion in admitting the evidence. Regardless, we conclude that even if the call audio was inadmissible, any error was harmless. *See State v. DiGuilio*, 491 So. 2d 1129 (Fla. 1986).

AFFIRMED.

2

ROBERTS, KELSEY, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.