728 So.2d 788 (1999)
Douglas Leo JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2446
District Court of Appeal of Florida, First District.
February 24, 1999.
Rehearing Denied March 31, 1999.
*789 Nancy A. Daniels, Public Defender; Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Laura Fullerton Lopez, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
In this direct criminal appeal, appellant seeks review of a conviction for attempting to commit a lewd or lascivious act upon a child. He argues that the trial court erred when it denied his motion to exclude the child victim's out-of-court statements regarding the offense. Concluding that the trial court correctly denied appellant's motion, we affirm.
The state filed an information charging appellant with the commission of a lewd or lascivious act upon a child. It subsequently served appellant with a notice, pursuant to section 90.803(23)(b) of the Florida Evidence Code, stating that it intended to offer at trial the alleged child victim's out-of-court statements; and a notice, pursuant to section 90.404(2)(b) of the Florida Evidence Code, stating that it intended to offer at trial similar fact evidence of another crime, wrong or act. Appellant responded by filing two motions in limine. In the first, he argued that the alleged child victim was incompetent to testify at trial, and that the out-of-court statements could not meet the reliability requirement set out in section 90.803(23)(a)1 of the Florida Evidence Code. In the second motion in limine, appellant argued that the proposed similar fact evidence was inadmissible for a number of reasons. The trial court denied the motion in limine addressed to the similar fact evidence, and appellant does not challenge that ruling on appeal. The trial court later ruled, after an evidentiary hearing, that the alleged child victim would not be competent to testify at trial. At a subsequent hearing on the admissibility of the alleged child victim's out-of-court statements, appellant again argued that the statements should be excluded pursuant to section 90.803(23)(a)1 because they were not sufficiently reliable. Appellant also argued that the similar fact evidence could not be used to satisfy the corroboration requirement imposed by section 90.803(23)(a)2b when the child witness is unavailable because it did not corroborate the offense charged. The trial court subsequently denied appellant's motion to preclude the use of the out-of-court statements at trial, holding that the statements were sufficiently reliable to satisfy section 90.803(23)(a)1, and that the similar fact evidence could be used to satisfy the corroboration requirement imposed by section 90.803(23)(a)2 b. Appellant then pled no contest to the reduced charge of an attempt to commit a lewd or lascivious act, reserving the right to seek review of the order denying his motion to exclude the out-of-court statements *790 at trial, which order the state agreed was dispositive. This appeal follows.
To the extent relevant, section 90.803(23)(a) of the Florida Evidence Code reads:
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
The trial court concluded that the alleged child victim was unavailable to testify at trial. Therefore, the child's out-of-court statements would be admissible at trial only if (1) the trial court found that they satisfied the reliability requirement of section 90.803(23)(a)1 and (2) there was "other corroborative evidence of the abuse or offense," as required by section 90.803(23)(a)2 b.
In State v. Townsend, 635 So.2d 949 (Fla.1994), our supreme court held that trial courts must follow a two-step approach to determine the admissibility of out-of-court statements pursuant to section 90.803(23) when a child victim is unavailable to testify at trial:
First, the trial judge must determine whether the hearsay statement is reliable and from a trustworthy source without regard to corroborating evidence. If the answer is yes, then the trial judge must determine whether other corroborating evidence is present. If the answer to either question is no, then the hearsay statements are inadmissible.
Id. at 957. According to the court, such an approach was necessary to ensure that a defendant's rights pursuant to the confrontation clauses of the state and federal constitutions were protected. Id. It is undisputed that the trial court followed this procedure.
The trial court made detailed written findings in support of its decision that the out-of-court statements were reliable and from a trustworthy source. Appellant argues with some force that the trial court's findings are not supported by the record. However, the standard of review on this question is abuse of discretion. E.g., Perez v. State, 536 So.2d 206 (Fla.1988); Barton v. State, 704 So.2d 569 (Fla. 1st DCA 1997). Having carefully reviewed the record, we cannot say that the trial court's decision as to reliability and trustworthiness was an abuse of discretion.
Once it had determined that the statements were reliable, the trial court was next required to determine whether there was "other corroborative evidence of the abuse or offense." Fla. Evid.Code § 90.803(23)(a)2 b. The trial court concluded that such evidence existed in the form of the similar fact evidence. Appellant's position is that such similar fact evidence of other crimes, wrongs or acts can never qualify as "other corroborative evidence of the abuse or offense" because a plain reading of section 90.803(23) reveals that "the corroboration must relate to the crime charged, not some other incident." Appellant argues, further, that, to the extent section 90.803(23) is subject *791 to differing constructions, section 775.021(1), Florida Statutes (1997), requires that we strictly construe it, in a light most favorable to him. We find appellant's arguments unpersuasive.
Section 775.021(1) has no bearing upon the construction of section 90.803(23) for the simple reason that, by its terms, section 775.021(1) applies only to statutes which define criminal offenses, and section 90.803(23) is not such a statute. That said, we see no need to resort to rules of construction because we perceive nothing ambiguous about the language that "other corroborative evidence of the abuse or offense" must exist before reliable out-of-court statements of a child victim will be admissible when the child is unavailable to testify at trial.
Corroborative, or corroborating, evidence has been defined as "[e]vidence supplementary to that already given and tending to strengthen or confirm it. Additional evidence of a different character to the same point." Black's Law Dictionary 344 (6th ed.1990). The two leading legal encyclopedias are to the same effect. 32A C.J.S. Evidence § 1302 (1996); 81 Am.Jur.2d Witnesses §§ 1001, 1002 (1992). We can think of no good reason to ascribe to the phrase as used in section 90.803(23)(a)2 b a meaning different from that generally recognized in legal circles. Accordingly, it would appear that the phrase "other corroborative evidence of the abuse or offense" means evidence other than the alleged child victim's out-of-court statements which tends to confirm that the charged offense occurred.
We note, further, that our supreme court has already held that similar fact evidence of other crimes, wrongs or acts is admissible at trial to corroborate the testimony of a child victim in criminal sexual battery prosecutions. State v. Rawls, 649 So.2d 1350 (Fla.1994). Such being the case, it seems to us logical to assume that such evidence might also be used to corroborate the out-of-court statements of a child victim, as required by section 90.803(23), when the child is unavailable to testify at trial.
The parties have not directed us to any Florida case on point, and our own research has not revealed any. However, we find persuasive the decision in State v. Jones, 112 Wash.2d 488, 772 P.2d 496 (1989). There, the court held that similar fact evidence could qualify as "corroborative evidence," pursuant to a Washington statute which is substantively indistinguishable from section 90.803(23), to corroborate out-of-court statements of child victims who are unavailable to testify at trial. The court held, further, that whether such evidence qualifies as corroborative for purposes of the statute should be determined on a case-by-case basis, bearing in mind the need to balance the state's interest in permitting greater use of child victim hearsay as evidence against the concern that use of such evidence would create an unacceptable risk of an erroneous conviction. Id. at 499-500. Finally, the court held that review of a trial court's decision whether to consider similar fact evidence as corroborative in such a case should be subject to an abuse of discretion standard. Id. at 500.
Based upon the foregoing analysis, we hold that similar fact evidence may be used to satisfy the requirement of "other corroborative evidence of the abuse or offense" in section 90.803(23)(a)2 b. In deciding whether such evidence should be accepted as corroborative, trial courts should weigh the evidence in light of the competing interests involvedthat of the state in permitting greater use of child victim hearsay and that of the defendant in preventing an unacceptable risk of an erroneous conviction. A trial court's decision whether to consider similar fact evidence as corroborative for purposes of section 90.803(23)(a)2 b will be subject to review pursuant to an abuse of discretion standard.
We are unable to say that the trial court's decision to consider the similar fact evidence in this case constituted an abuse of discretion. Because we are, likewise, unable to say that the trial court's decision that the alleged child victim's out-of-court statements were reliable and from a trustworthy source constituted an abuse of discretion, we affirm.
AFFIRMED.
ALLEN and BROWNING, JJ., CONCUR.