KAHN, J.
Appellant, Walter Morrison, filed a series of motions, amended motions, and addenda seeking postconviction relief from his 1998 robbery conviction. In these various pleadings, appellant alleged 14 instances of ineffective assistance of counsel and one instance of error stemming from the trial court’s failure to provide the defense with notice and an opportunity to be heard before responding to an inquiry from the jury during deliberations. The trial court summarily denied relief on all of these claims. Three of appellant’s claims of ineffective assistance will require further attention from the trial court. No error appears as to the remaining claims.
Drawing from the allegations in Morrison’s motion, on December 4, 1997, someone robbed the Panama Bar and Lounge in Jacksonville. The only eyewitness to the robbery was Teri Gilley, the bartender and cashier. Several days after the robbery, Gilley identified Morrison from a photographic line-up and later testified at trial, providing an in-eourt identification of appellant. During her testimony, Gilley described the robber as being around 5' 7" tall and average build with shoulder length hair and no facial hair. The theory of the defense rested upon misidentification and alibi. Morrison claims he is 5' 9" tall and 210 pounds and that, at the time of the robbery, he had short hair and a thick mustache. Because no physical evidence linked Morrison with the robbery, the result of the trial depended upon the jury’s assessment of the credibility of the appellant’s witnesses versus that of Gilley. Consequently, the three issues upon which we reverse call into question defense counsel’s choices regarding selection and examination of defense witnesses.
To state a facially sufficient claim of ineffective assistance of counsel, the convicted movant must have alleged deficient performance on the part of trial counsel and prejudice resulting from that deficient performance. See Cherry v. State, 781 So.2d 1040, 1048 (Fla.2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Counsel’s performance is deficient if it falls below “ ‘an objective standard of reasonableness based on ‘prevailing professional norms.’ ” Id. To establish prejudice, the appellant must show that there was a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the proceedings. See id. If the movant’s claims are facially sufficient and not conclusively refuted by the record, the cause must be remanded for the trial court to either hold an eviden-tiary hearing or to attach record portions conclusively refuting the appellant’s allegations. See, e.g., Griner v. State, 774 So.2d 793, 794 (Fla. 1st DCA 2000).
The second ground for relief raised by appellant’s motion, 1(A)(2), alleged that trial counsel rendered ineffective assistance by failing to interview and call several potential witnesses. Appellant’s trial counsel, in fact, called three witnesses in an effort to show that appellant did not match the description given by Gilley at the time of the robbery. All three of these witnesses, however, could be characterized as either a friend or relative of the appellant and two of these witnesses were impeached by previous convictions involving dishonesty. Nonetheless, the trial court concluded that testimony provided by the additional witnesses would have been cu *461 mulative and that appellant had failed to allege that these witnesses were not also susceptible to impeachment.
In the motion, appellant claims he identified to counsel by name or contact information 10 to 15 convenience store employees who had observed him before and after the date of the robbery while he serviced various stores in the course of his employment as a plumber. According to Morrison, these witnesses would have been disinterested, having nothing more than a business relationship and no apparent reason to fabricate testimony. Given the defense strategy, we discern no readily apparent trial tactic by' which reasonable counsel would have not at least investigated the possibility of additional witnesses whose credibility could not have been easily challenged. Cf. Terrero v. State, 839 So.2d 873, 875 (Fla. 3d DCA 2003) (holding that “failure to call a disinterested witness to a crime where identification is 'an issue and there is no corroborating evidence of guilt constitutes extraordinary circumstances” justifying postconviction relief).
The third and fourth grounds for relief raised in the appellant’s motion, 1(B)(1) and 1(B)(2), each alleged ineffective assistance of counsel in dealing with rehabilitation of impeached defense witnesses. On direct examination, trial counsel asked defense witness Ann Almon whether she had previously been convicted of a crime of dishonesty. Almon answered that she had eight convictions occurring ten years earlier. The record reveals that trial counsel failed to bring out that Almon’s convictions were for tendering worthless checks rather than some more onerous crime, such as perjury, which may be inferred by the phrase “crime of dishonesty.” Appellant alleged that reasonable counsel would have chosen to engage in anticipatory rehabilitation. Anticipatory rehabilitation is a proper trial tactic which allows a party presenting the testimony of a witness to “delve into the nature or circumstances of the [prior] convictions for. the purpose of rehabilitating the witness by attempting to diminish the effect of the disclosures.” Lawhorne v. State, 500 So.2d 519, 522 (Fla.1986).
Appellant’s other claim regarding counsel’s failure to rehabilitate a defense witness involved the testimony of his sister-in-law, Joan Cannoe. On cross-examination by the state, Cannoe testified that she had previously been convicted of a crime of dishonesty. As in the case of anticipatory rehabilitation, inquiry into the nature and circumstances of prior convictions is proper when a party’s witness is impeached on cross-examination. See Lawhorne, 500 So.2d at 521. Appellant alleges that counsel should have brought out on re-direct that Cannoe’s sole conviction was for shoplifting some ten years earlier.
The trial court summarily denied relief on each of these claims finding that trial counsel’s decision not to attempt rehabilitation was a trial tactic and was therefore not susceptible to an ineffective assistance of counsel claim. A determination that counsel’s action was based upon strategy or tactics, however, is generally inappropriate without an evidentiary hearing. See Jackson v. State, 789 So.2d 1218, 1219 (Fla. 1st DCA 2001); Williams v. State, 642 So.2d 67, 68-69 (Fla. 1st DCA 1994). Because appellant’s defense relied so heavily upon the credibility of his witnesses, we are unwilling to assume that trial counsel’s decision to forego any effort to rehabilitate two of the three defense witnesses was simply a trial tactic.
Accordingly, we reverse the trial court’s order with respect to the appellant’s second, third, and fourth grounds for relief (grounds 1(A)(2), 1(B)(1), and 1(B)(2)) and remand with directions for the trial court to either attach portions of the record *462 conclusively refuting appellant’s entitlement to relief or to hold an evidentiary hearing. We affirm the trial court’s order in all other respects.
AFFIRMED in part; REVERSED in part; REMANDED with directions.
WEBSTER, and POLSTON, JJ., CONCUR.