WARNER, J.
Appellant Minor Platt, Jr., appeals his conviction following a jury trial for sexual battery of a child while in a position of familial or custodial authority. Appellant argues that the trial court erred in several respects, including by failing to make any factual findings in admitting into evidence the victim’s child hearsay statement. We agree that the trial court reversibly erred in failing to make findings and find that the error was not harmless.[1]
Appellant was charged with the sexual battery of S.M., who was thirteen at the *777 time, while Appellant was in a position of familial or custodial authority. At trial, S.M. testified that she and her twin sister moved in with appellant and his wife, who was S.M.’s relative, in 2011.
S.M. testified that one evening, she was watching TV with appellant. She went upstairs to get a blanket and when she returned, appellant, who was sitting on a large chair, told her to share the blanket with him. She joined him on the chair and they put the blanket over their legs. Appellant then put his hand in her pajama pants, underneath her underwear, and touched her “privates” on both “the inside” and “the outside[.]” Appellant asked S.M. if she liked it. She did not respond and left the room.
Later in the trial, the State sought to introduce, under the child hearsay rule in section 90.803(23), Florida Statutes (2014), a video of S.M.’s statement to a detective. The trial court reviewed the video outside the presence of the jury, then simply ruled that it was admissible. Defense counsel suggested the court make additional findings:
[DEFENSE:] I feel like the Court needs to make a more specific finding as to whether the facts somehow indicate a basis for determining the admissibility (indiscernible) reliability (indiscernible).
THE COURT: I just think—no. I just think based on what I’ve seen in the video, the questioning or rather the groundwork by Detective—-what’s his name, again?
[STATE:] Shepherd.
THE COURT: Shepherd. And the responses' by the alleged victim are sufficient to warrant the Court’s allowing in 90.803(23). And I think that’s all I have to say. That’s all I will say in any event.
The video was subsequently admitted and played for the jury. S.M.’s statements in the video generally restated her trial testimony.
The jury found appellant guilty as charged. He was adjudicated guilty and sentenced to thirty years in prison. On appeal, appellant challenges the sufficiency of the court’s findings regarding the admissibility of S.M.’s statement.
“Our standard in reviewing a trial court’s determination on the reliability and admissibility of child hearsay statements under section 90.803(23) is abuse of discretion.” Rodriguez v. State, 77 So.3d 649, 650 (Fla. 3d DCA 2011). Section 90.803(23), Florida Statutes (2016), sets forth the standard for admitting hearsay statements of a child victim in sexual abuse cases:
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 16 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the relia *778 bility of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense.
[[Image here]]
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection,,
§ 90.803(23), Fla. Stat. (2016) (emphasis added). “[A] court is to use a totality of the circumstances evaluation in determining reliability.” State v. Townsend, 635 So.2d 949, 958 (Fla.1994). Section 90.803(23) provides a non-exhaustive list of factors for ’ the trial court to consider. § 90.803(23)(a)l., Fla. Stat.; see also Toumsend, 635 So.2d at 957-58 (listing other factors).
Here, when the State sought to introduce, under the child hearsay rule, the video of S.M.’s statement to the detective, the trial court, after reviewing it, at first simply ruled that it was admissible. Even after defense counsel suggested that the court was required to make additional findings, the court merely stated that the detective’s questions “[a]nd the responses by the alleged victim are sufficient to warrant the Court’s allowing in 90.803(23). And I think that’s all I have to say.” The trial court did not make any further findings.
The trial court’s findings here are comparable to the findings reviewed in Townsend. There, “the trial judge merely listed each of the statements to be considered and summarily concluded, without explanation or factual findings, that the time, content,, and circumstances of the statements to.be admitted at trial were sufficient to reflect that the statements were reliable.” Townsend, 635 So.2d at 958. The Florida Supreme Court found that this was insufficient and constituted reversible error. Id. The court stated that
it is essential that the trustworthiness and reliability requirements of section 90.803(23) be strictly followed. In recognizing the importance of adhering to those requirements, this Court and a majority of the Florida district courts of appeal have consistently found trial courts to have committed reversible error when those courts have failed to place on the record specific findings indicating the basis for' determining the reliability of a child’s statements introduced as hearsay under that section.
Id. at 957.
Here, the trial court’s findings are even sparser than the findings in Townsend. The only finding the court made was that the detective’s questions and S.M.’s responses were “sufficient to warrant” admission. The court did not specify any portions of the interview or otherwise explain its ruling. This lack of specific findings of fact constitutes reversible error.
Additionally, the court’s failure to make findings was not harmless error. Although S.M. did testify at trial, this does not automatically render the error harmless. If it did, there would be no reason for section 90.803(23) to require findings in cases where the child testifies as well as where the child is unavailable. See § 90.803(23)(a)2., Fla. Stat. And while S.M.’s trial testimony was largely consistent with the content of her statement, it was not completely so. The court did not make any findings evaluating reliability, and there was some support in the record for the suggestion that there had been fabrication. Had the court reviewed the totality of the circumstances, it might have found that the statement was not reliable or that there were discrepancies. The ad *779 mission of a corroborative statement can provide powerful evidence to support credibility and reliability. Therefore, the failure to evaluate the reliability created a reasonable possibility that the error affected the outcome of the trial. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986).
Accordingly, we find that the trial court reversibly erred by failing to make factual findings pursuant to section 90.803(23), Florida Statutes, and remand for proceedings consistent with the foregoing.

Reversed and remanded.

MAY, J., concurs.
ARTAU, EDWARD L., Associate Judge, dissents with opinion.

. We find that appellant’s remaining arguments lack merit and therefore do not address them.