IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROBERT EDWARD CURRAN,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5222

Opinion filed November 8, 2017.

An appeal from the Circuit Court for Santa Rosa County.
John L. Miller, Judge.

Jason Cromey, Cromey Law, P.A., Pensacola, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael Schaub, Assistant Attorney General, Tallahassee, for Appellee.


WOLF, J.

Appellant raises a number of challenges to the denial of his postconviction motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he alleged ineffective assistance of counsel. We find the circuit court erred in summarily denying grounds 1, 4, 5, 6, and 9 of appellant's postconviction motion for failure to sufficiently allege prejudice. In all other regards, we affirm the circuit court's order.

## I. Facts

Appellant was convicted of one count of lewd or lascivious molestation of a child less than 12 years of age – his step-daughter. During trial, several witnesses testified that the victim made statements to them regarding the incident of lewd or lascivious molestation for which appellant was charged. The State also presented the testimony of the victim, who testified not only about the charged incident, but also about other acts of lewd or lascivious conduct and physical abuse that she alleged appellant committed against her. The State also played for the jury portions of the victim's recorded interview with the child protective team, during which she stated that appellant made threats and committed acts of violence against family pets. Additionally, defense counsel submitted evidence that appellant had been convicted of battering his biological daughter.

In ground 1 of his postconviction motion, appellant argued defense counsel was ineffective for stipulating to the admission of testimony from 4 witnesses who testified as to the victim's out-of-court statements because section 90.803(23), Florida Statutes (2009), states that such evidence is admissible only if the trial court conducts a hearing and concludes that the "time, content, and circumstances of the statement provide sufficient safeguards of reliability." Appellant argued that if counsel had requested a hearing, counsel could have presented sufficient grounds to exclude the witnesses' testimony. He further argued that he was prejudiced

2

because these witnesses made up the majority of the State's case; thus, if their testimony had been excluded, the jury would have been left with the competing accounts of appellant and the victim, whom he alleged had falsified her accusations against him and whose credibility he attempted to challenge during trial.

In ground 4, appellant argued counsel was ineffective for failing to object to testimony regarding the uncharged lewd or lascivious acts, which he alleged were irrelevant and highly prejudicial. He asserted the allegations, which included that he urinated on the child while she slept, were "some of the worst that could be imagined." In grounds 5 and 6, he argued counsel was ineffective for failing to object to testimony regarding the allegations of physical abuse and animal abuse, and in ground 9, he argued counsel was ineffective for admitting evidence that appellant had been previously convicted of battering his biological daughter. He argued all of this evidence was irrelevant and highly prejudicial because it bolstered the victim's claim that she had waited a year to come forward because she was afraid that appellant would hurt her.

The circuit court summarily denied all of these claims by finding that appellant failed to sufficiently allege prejudice.

## II. Analysis

As set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), "[t]o state a facially sufficient claim of ineffective assistance of counsel, the convicted movant must have alleged deficient performance on the part of trial counsel and prejudice resulting from that deficient performance." Morrison v. State, 860 So. 2d 458, 460 (Fla. 1st DCA 2003). "To establish prejudice, the appellant must show that there was a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Cherry v. State, 781 So. 2d 1040, 1048 (Fla. 2000)). "A mere conclusory allegation that the outcome would have been different is insufficient to state a claim of prejudice under Strickland; the defendant must demonstrate how, if counsel had acted otherwise, a reasonable probability exists that the outcome would have been different – that is, a probability sufficient to undermine confidence in the outcome." Jones v. State, 998 So. 2d 573, 584 (Fla. 2008).

"If the movant's claims are facially sufficient and not conclusively refuted by the record, the cause must be remanded for the trial court to either hold an evidentiary hearing or to attach record portions conclusively refuting the appellant's allegations." Morrison, 860 So. 2d at 460.

Here, we find that appellant sufficiently alleged prejudice. Regarding the child hearsay witnesses, "[t]he admission of a corroborative statement can provide

4

powerful evidence to support credibility and reliability." <u>Platt v. State</u>, 201 So. 3d 775, 778-79 (Fla. 4th DCA 2016) (finding the erroneous admission of child hearsay testimony was harmful error). Here, there was no physical evidence and no eyewitness testimony. Thus, the State's case rested heavily on the victim's credibility. Without the corroborating testimony of the 4 witnesses, the State's case would have essentially come down to the competing version of events testified to by the victim and appellant. Thus, we find appellant sufficiently demonstrated that if counsel had challenged the admission of this testimony, there was a reasonable probability that the outcome in the proceedings would have been different. <u>Morrison</u>, 860 So. 2d at 460; <u>Jones</u>, 998 So. 2d at 584.

Similarly, we find appellant sufficiently alleged that he was prejudiced by the admission of testimony regarding allegations of uncharged lewd or lascivious acts against the victim, physical violence against the victim and family pets, and the prior conviction for battery against his biological daughter. The uncharged acts of lewd or lascivious molestation were disturbing and supported the victim's accusation of the charged instance of lewd or lascivious molestation. The uncharged acts of physical violence supported the victim's testimony that she waited a year to come forward because she feared that appellant would harm her, undermining appellant's theory of defense that the victim waited a year to come forward because her allegations were fabricated. Thus, we find appellant

5

sufficiently demonstrated that if counsel had objected to this testimony, there was a reasonable probability that the outcome in the proceedings would have been different. <u>Morrison</u>, 860 So. 2d at 460; <u>Jones</u>, 998 So. 2d at 584.

Accordingly, we reverse the court's order with respect to grounds 1, 4, 5, 6, and 9, and remand with instructions for the court either to attach portions of the record conclusively refuting appellant's entitlement to relief or to hold an evidentiary hearing. <u>Morrison</u>, 860 So. 2d at 461-62. In all other respects, we affirm the trial court's order.

AFFIRMED in part; REVERSED in part; REMANDED with directions.

ROBERTS, J., CONCURS; B.L. THOMAS, C.J., CONCURS IN RESULT ONLY.