DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSHUA PERRAULT,**
Appellant,

v.

**AMANDA ENGLE,**
Appellee.

No. 4D18-3458

[April 15, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Arthur M. Birken, Judge; L.T. Case No. 17-2051 DVCE (58).

Charles G. White of Charles G. White, P.A., Miami; and Maria L. Sachs, Boca Raton, for appellant.

Jason H. Haber of Haber Blank, LLP, Fort Lauderdale, for appellee.

CIKLIN, J.

The parents involved in this appeal have long had a dysfunctional relationship. Their three-year-old son alternated his time between the mother and father. Over the years, the mother called law enforcement on numerous occasions to lodge complaints about the father, none of which led to any further action by the authorities. But that changed when the mother petitioned on behalf of the son for an injunction for protection against domestic violence. She alleged that the child made statements indicating the father had sexually abused him. After the trial court held a child hearsay hearing pursuant to section 90.803(23), Florida Statutes (2017), the court admitted the statements and granted the petition. We find there was no evidence corroborating the child hearsay statements, and we reverse.

In support of her petition for injunction, the mother sought to admit statements allegedly made by the child to the mother and her parents, as well as statements the child made to a crisis center employee while law enforcement officers watched through a video feed. The evidence at the child hearsay hearing revealed the following. The mother observed the

child touching his penis while watching television. She was not alarmed and finished preparing dinner. She brought the child dinner and asked him what he was doing. The child allegedly stated that he and the father played a game where the father put his penis in the child's mouth. The mother asked the child to show her what he was describing, and the child allegedly obliged by attempting to put his mouth on his penis. The mother then brought her parents into the room and asked the child to repeat what he had told her. He allegedly did so. The child was taken for a physical examination. During the examination, he did not indicate he had been sexually abused. The examination did not reveal any evidence of sexual abuse.

A detective met with the mother and child but did not question the child. A counselor employed by a child sexual assault crisis center interviewed the child. The child initially "denied that there was anything that happened." The interviewer "kept asking [the child] different questions," and he eventually stated that the father put his penis in the child's mouth. The interviewer repeatedly referenced the video of the interview when she was asked what was said during the interview. Additionally, she acknowledged that her interview of the child was submitted for peer review, and she was criticized for her interview technique.

An expert in psychiatry watched the videotaped interview and was deeply critical of the way the interviewer conducted the interview. The child was not given the opportunity to provide a narrative. Instead, the interviewer had "an agenda" and "repeated one question fifteen times."

During the child hearsay hearing, the mother and her parents admitted that before these allegations arose, they harbored feelings of animosity toward the father.

At the close of the hearing, the father's attorney realized the videotaped interview had not been admitted into evidence and asked whether the court would "benefit" from watching it. The court responded, "How would I know? I have no idea what's on it." The court declined to reopen the evidence to watch the video.

The trial court ruled that the statements were admissible under section 90.803(23). With respect to indicia of reliability, the court rejected any implication of fabrication by the mother and parents. The court found that the "alleged abuse . . . was extremely serious," the "duration of the alleged abuse was not clear" but "apparently occurred more than once," the "relationship was between a parent and child," and that the child "is well

able to verbally communicate." With respect to corroborating evidence, the court relied on the following: "[T]he child was masturbating, the child tried to commit fellatio on himself when trying to explain what happened[,] and the [interviewer] . . . testified that she found the child to be credible, reliable[,] and trustworthy[.]"

The trial court then entered an *agreed* order for supervised visitation. In the time leading up to the final hearing on the merits of the petition, the father and his son engaged in numerous supervised visits. During the final hearing, the therapists who observed the visits testified that the child was always eager to visit his father, and that the visits were warm, appropriate, and positive. The father testified, denying the allegations. The psychiatry expert reiterated his previous testimony regarding the deficiencies in the interview of the child. He also testified that it was normal for a young child to touch his penis. He considered 48 factors to assess the legitimacy of the allegations of sexual abuse, and he concluded that the father had not sexually abused the child.

The trial court found the case was "very close," but it found that the incident "occurred" and it granted the petition. However, the court also provided that "timesharing shall continue so long as the child's therapist states that there is no adverse impact to the child and the same is beneficial to the child."

On appeal, the father argues, among other things, that the trial court erred in admitting the child hearsay statements and in granting the petition based on those statements. We agree. In light of our reversal, the father's other arguments need not be entertained.

"Our standard in reviewing a trial court's determination on the reliability and admissibility of child hearsay statements under section 90.803(23) is abuse of discretion." *Platt v. State*, 201 So. 3d 775, 777 (Fla. 4th DCA 2016) (quoting *Rodriguez v. State*, 77 So. 3d 649, 650 (Fla. 3d DCA 2011)).

Section 90.803(23) governs the admission of a child victim's out-of-court statement relating to, among other things, sexual abuse against a child or an unlawful sexual act involving the child. Where there is no indication that the "source of information or the method or circumstances by which the statement is reported" is untrustworthy, such hearsay statements are admissible where the trial court finds after a hearing that the "time, content, and circumstances of the statement provide sufficient safeguards of reliability," and the child either 1) testifies or 2) is unavailable as a witness, "provided that there is other corroborative

evidence of the abuse or offense." § 90.803(23)(a), Fla. Stat.

"In making its determination [on the issue of reliability], the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate[.]" § 90.803(23)(a)1., Fla. Stat. Other factors the court may consider in making its reliability determination include, but are not limited to, the following:

> a consideration of the statement's spontaneity; whether the statement was made at the first available opportunity following the alleged incident; whether the statement was elicited in response to questions from adults; the mental state of the child when the abuse was reported; whether the statement consisted of a child-like description of the act; whether the child used terminology unexpected of a child of similar age; the motive or lack thereof to fabricate the statement; the ability of the child to distinguish between reality and fantasy; the vagueness of the accusations; the possibility of any improper influence on the child by participants involved in a domestic dispute; and contradictions in the accusation.

*State v. Townsend,* 635 So. 2d 949, 957-58 (Fla. 1994). "[A] court is to use a totality of the circumstances evaluation in determining reliability." *Id.* at 958.

With respect to "corroborating evidence," the "requirement assures that a defendant will not be convicted solely on the basis of the hearsay testimony." *Ghelichkhani v. State*, 765 So. 2d 185, 190 (Fla. 4th DCA 2000) (quoting *Townsend,* 635 So. 2d at 957). "Corroborating evidence" "has been defined as '[e]vidence supplementary to that already given and tending to strengthen or confirm it. Additional evidence of a different character to the same point.'" *Jones v. State*, 728 So. 2d 788, 791 (Fla. 1st DCA 1999) (quoting Black's Law Dictionary 344 (6th ed. 1990)). It has also been defined as "[e]vidence that differs from but strengthens or confirms what other evidence shows." *Baugh v. State*, 961 So. 2d 198, 204 (Fla. 2007) (alteration in original) (citation omitted). Such evidence includes physical evidence and a perpetrator's statements. *See Ghelichkhani,* 765 So. 2d at 190-91. But it is not limited to physical evidence and incriminating statements. For instance, similar fact evidence has been found to be corroborating evidence for purposes of section 90.803(23). *See Jones,* 728 So. 2d at 791. Additionally, a doctor's opinion

4

that a child "was exhibiting signs of having been sexually abused" is corroborating evidence. *See Zmijewski v. B'Nai Torah Congregation of Boca Raton, Inc.*, 639 So. 2d 1022, 1025-26 (Fla. 4th DCA 1994). "The common thread in all of these cases is that the other evidence tends to confirm the unlawful sexual act, i.e., the 'abuse or offense.'" *Ghelichkhani*, 765 So. 2d at 192.

Here, the parties stipulated that the child was "unavailable" for purposes of section 90.803(23). To the extent it could be found that there were sufficient indicia of reliability (which is questionable), we can easily find that the child's hearsay statements were not corroborated, as required prior to admission at the final hearing. First, the trial court relied on the testimony that the child was touching himself while watching television. The testimony indicated that the mother observed the behavior and was not alarmed, and that such behavior is normal. While highly sexualized behavior by a child can constitute corroborating evidence, *see T.O. v. Dep't of Children & Families*, 21 So. 3d 173, 178 (Fla. 4th DCA 2009), this testimony fell short of establishing as much. In short, the testimony did not "tend[] to confirm that the charged offense occurred." *Jones*, 728 So. 2d at 791.

The trial court also relied on the child's pantomime of the alleged abuse. But according to the mother, the child's pantomime was done in response to her direction to the child to show her what happened. As such, it was hearsay. *See* § 90.801(1)(a), Fla. Stat. (defining "statement," for purposes of the hearsay definition, as including "[n]onverbal conduct of a person if it is intended by the person as an assertion"); *Farinacci v. State*, 29 So. 3d 1212, 1213-15 (Fla. 4th DCA 2010) (finding that child's nonverbal conduct during interview indicating he was abused was inadmissible hearsay, and recognizing that "there is no mime exception to the hearsay rule"). A "child declarant's hearsay statements cannot be 'other' corroborating evidence within the meaning of section 90.803(23)[.]" *R.U. v. Dep't of Children & Families*, 777 So. 2d 1153, 1160 (Fla. 4th DCA 2001).

Finally, the trial court relied on the interviewer's testimony that she found the child reliable and trustworthy. This is not corroborating evidence. *See id.* (finding that a counselor's belief in the veracity of the child's statements "cannot satisfy the 'other' evidence requirement, since the witness may not vouch for the credibility of the child").

Based on our finding that the trial court erred in admitting the child hearsay statements, we also find that the court erred in granting the petition for domestic violence injunction, which was based on those

statements.  We reverse and remand for the trial court to vacate the injunction.

*Reversed and remanded.*

LEVINE, C.J., and GERBER, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**